UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
ROOPNARINE RAMNARAIN,

                Plaintiff,

- against -

U.S. VETERANS ADMINISTRATION, ANITA
RAMNARAIN, and SEELLOCHANIE
RAMNARAIN,

                Defendants.
---------------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

11 Civ. 4988 (BMC)(CLP)

**COGAN**, District Judge.

Plaintiff *pro se* seeks damages and related relief from the Veterans Administration ("VA"), his mother, and his sister, claiming that the VA wrongfully designated him as incompetent and improperly paid his benefits to his mother who, along with his sister, misappropriated the funds. The VA has moved to dismiss for lack of subject matter jurisdiction. The motion is granted. Congress has provided plaintiff with a mechanism to seek review of the VA's determinations, but it is not in this Court.

## BACKGROUND

Plaintiff is a veteran of the United States Army who has been diagnosed with paranoid schizophrenia. The VA determined that his disability was service related and that he was eligible for benefits. The VA also determined that plaintiff was not competent to manage his disbursement, and at his request, his mother, the defendant Anita Ramnarain, was appointed as

his fiduciary to administer the benefits. The VA submits that a subsequent administrator, Valerie Cutajar, has recently been appointed.

Plaintiff alleges that the VA improperly designated him as incompetent, and that his mother and sister (defendant Seellochanie Ramnarain) have been using his benefits for their own purposes and not his. He is thus challenging both the VA's competency determination and its appointment of his mother as his fiduciary. In addition, plaintiff seeks compensatory and punitive damages of $30 million each, attorneys' fees, a declaration that certain unspecified statutes that prohibit the carrying of alcohol in open containers are unconstitutional, and an injunction against taking his personal property. His seven causes of action assert various common law torts, violations of the Americans with Disabilities Act and the Civil Rights Act of 1871, and New York statutory law.

## DISCUSSION

Individuals do not have the right to sue the United States Government or its agencies unless Congress has provided that right in particular instances. This is known as the doctrine of sovereign immunity. See United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965 (1983); United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769 (1941). When there is a question as to whether Congress has waived sovereign immunity as to a particular type of claim, "[a] waiver of sovereign immunity cannot be implied but must be unequivocally expressed." United States v. Mitchell, 445 U.S. 535 at 538, 100 S.Ct. 1349 at 1351 (1980) (quoting United States v. King, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502 (1969)).

With regard to claims against the VA, Congress has held fast to the doctrine of sovereign immunity but has created an alternative channel for review of veterans' claims. Section 511(a) of Title 38, United States Code, provides that the Secretary of Veterans Affairs "shall decide all

questions of law and fact necessary to a decision ... under a law that affects the provision of benefits ... to veterans," and that "the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by ... any court." Despite the absolute language of this provision, the statute also contains a carve-out for "matters covered by chapter 72 of this title." Id. §511(a)(4). Under that provision, if a veteran is dissatisfied with the VA's decision, he must appeal to the Board of Veterans' Appeals within one year of receipt of the VA's decision. 38 U.S.C. § 7104-05. If he remains dissatisfied, he can then appeal to the Court of Veterans' Appeals, which has exclusive jurisdiction over decisions made by the Board. 38 U.S.C. § 7252(a). If he is still dissatisfied, he can appeal to the Court of Appeals for the Federal Circuit, 38 U.S.C. § 7292, and then, if he desires further review, by certiorari to the Supreme Court of the United States. 28 U.S.C. § 2072. Such is the procedure for challenging the VA's denial of benefits. See Fahie v. Department of Veterans' Affairs, 39 F.Supp.2d 332 (S.D.N.Y. 1999).

This case, however, is somewhat different. Plaintiff has been awarded benefits, but he challenges the collateral decisions of the VA – the finding that he is incompetent, and the VA's decision to appoint his mother as his fiduciary.[1] To determine whether those decisions fall within §511(a), I must assess whether the determinations were made "under a law that affects the provision of benefits to veterans . . . ."

The statutory authorization for the VA's decisions is set forth at 38 U.S.C. § 5502(a)(1). That statute provides:

> Where it appears to the Secretary that the interest of the beneficiary would be served thereby, payment of benefits under any law administered by the Secretary may be made directly to the beneficiary or to a relative or some other fiduciary for the use and benefit of the beneficiary, regardless of any legal disability on the part

---
[1] The claim challenging the appointment of his mother may be moot, as it appears the VA has appointed a successor fiduciary. However, the VA has not raised mootness and the facts before me are insufficient to reach such a conclusion, especially since plaintiff is seeking substantial damages against the VA, his mother, and his sister.

of the beneficiary.

Id. The implementing regulations for this provision cover a broad range of situations including those at issue here; when a fiduciary appointment is required and, generally, who the fiduciary should be. See 38 C.F.R. §3.850(a) ("[p]ayment of benefits to a duly recognized fiduciary may be made on behalf of a person who is mentally incompetent."); 38 C.F.R. §3.353 ("A mentally incompetent person is one who because of injury or disease lacks the mental capacity to contract or to manage his or her own affairs, including disbursement of funds . . . Rating agencies have the sole authority to make official determinations of competency . . . for purposes of . . . disbursement of benefits"); 38 C.F.R. §13.55 ("The Veterans Service Center Manager is authorized to select and appoint . . . the person or legal entity best suited to receive [VA] benefits in a fiduciary capacity for a beneficiary who is mentally ill (incompetent)"). Additionally, the selection of the fiduciary must be in the best interests of the veteran. 38 U.S.C. § 5502(a)(1); 38 C.F.R. § 13.58(b)(1).

It seems obvious to me that this statute and its regulations "affect the provision of benefits to veterans," and that when the VA decides whether a veteran is competent and, if not, who the fiduciary should be, these are factual questions "necessary" to make a determination under these laws. I therefore join the several other courts which have held that both sovereign immunity and its confirmation under §511(a) preclude this Court from hearing plaintiff's claims. See Judkins v. Veterans Administration, 415 F.Supp.2d 613 (E.D.N.C. 2005); Carney v. G.I. Jane, No. Civ. A. B-03-173, 2005 WL 2277490 (S.D. Tex. 2005); Whitmire v. United States Veterans Administration, 661 F. Supp. 720 (W.D. Wash. 1986).

The only case that held to the contrary is In the Matter of the Guardianship and Conservatorship of Blunt, 358 F.Supp.2d 882 (D. N.D. 2005), and I respectfully disagree with

each of the three reasons it offered for its conclusion. First, the Blunt court noted that the predecessor language to §511(a) precluded judicial review only of cases "concerning a claim for benefits or payments under any law administered by the Veteran's Administration," id. at 891, quoting Johnson v. Robison, 415 U.S. 361, 94 S.Ct. 1160 (1974). The Blunt court believed that this earlier language would not have precluded a challenge to collateral issues like the need to appoint a fiduciary to receive a veteran's benefits. It noted that Congress had revised the statute for purposes wholly unrelated to the issues here; therefore, the Blunt court reasoned, the original intent to allow judicial review of issues collateral to the payment of benefits should continue.

I reject this rationale for two reasons. First, I do not see the predecessor versions of §511(a) as conferring any more power to review collateral issues relating to benefits awards than the current version. Whatever the reasons were for the amendment of the statute – and I agree with Blunt that they had nothing to do with the issues in the instant case – the issues here most certainly "concern[] a claim for benefits or payments under [a] law administered" by the VA. Second, as noted above, the plain language of the current statute encompasses these collateral issues, so there is no occasion to consult legislative history. If Congress intended the current, broad version of §511(a) to exclude the collateral issues present here, it is up to Congress to revise the statute, not to the Courts to use legislative history – history that the Supreme Court has referred to as "almost nonexistent," Johnson, 415 U.S. at 369, 94 S.Ct. at 1166 – to effect such a revision.

Blunt's second rationale for allowing judicial review of issues collateral to a benefits determination was that the VA's regulations do not expressly provide for review of these collateral issues. This does not alter the plain language of the statute that Congress passed. It also places an impossible burden on the VA to anticipate every kind of collateral issue that might

arise and promulgate a regulation addressing its reviewability. The fact is, as noted above, that the VA has enacted regulations that expressly refer to the issues involved in this case, and the absence of a specific reference to appellate review of such issues can only reasonably mean that they are subject to the same review process as other benefits-related issues.

Blunt's third rationale was the decision in Willis v. Brown, 6 Vet. App. 433 (1994), where the Court of Veterans Appeals did indeed state that the VA's decision as to who to appoint as a fiduciary was unreviewable in that court because it was wholly discretionary. However, the Court of Veterans Appeals has recently rejected this construction of Willis, finding that that the portion of Willis upon which the Blunt court relied was dictum. See Freeman v. Shinseki, 24 Vet. App. 404, 412 (2011). Freeman squarely held that the Court of Veterans Appeals has jurisdiction to consider issues relating to the appointment of a fiduciary. Id. at 417.

Because petitioner is *pro se*, I would emphasize that he is not necessarily without a remedy that may encompass judicial review. He simply filed his case in the wrong court. Subject to whatever defenses the VA may have, petitioner must exhaust his administrative remedies within the VA, and if not satisfied, pursue judicial relief as outlined above.

Finally, I note that because I have no jurisdiction over his claims against the VA, I similarly have no jurisdiction over plaintiff's claims against his mother and sister. These are claims essentially alleging breach of fiduciary duty and for an accounting that are properly brought before a state court.

## CONCLUSION

The VA's motion to dismiss for lack of jurisdiction is granted. The complaint is dismissed without prejudice to reassertion of those claims in the appropriate fora.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       March 27, 2012